IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:08-cr-00171-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON RICHARD TORREZ,

    Defendant.

---

## ORDER

---

Before the Court is Defendant Jason Richard Torrez's Application For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255. ECF No. 59. In addition, he appended to his application a letter discussing his rehabilitation and reasons seeking a sentence reduction. ECF No. 59-1. Because his letter raises questions better analyzed as a motion for compassionate release/reduction of sentence, the Court is bifurcating the Defendant's petition and treating it as both a habeas petition under 28 U.S.C. § 2255 and a motion for compassionate release/reduction of sentence under 18 U.S.C. § 3582(c)(1). For the reasons explained below, Defendant's motions are DENIED.

### I. SUMMARY FOR PRO SE DEFENDANT

You filed a petition pursuant to 28 U.S.C. § 2255 to change how your federal sentence runs with your state sentence. Currently, your federal sentence will run after your state sentence is served. You are requesting that it run at the same time as your state sentence. However, such a request must be filed within one year of your conviction,

1

with some exceptions that do not apply here. Because you filed the request more than one year after your conviction, and none of the exceptions apply, the Court denies your petition, which it will explain further below. Even if your petition was allowed to be heard by this Court, it would not be successful on its merits because federal statutes and case law allow separate sentences to be served consecutively. Finally, the Court treats your attached letter detailing your rehabilitation as a separate motion for compassionate release. It denies that motion because you have not gone through the required administrative channels to request compassionate release; namely, you must first ask the Bureau of Prisons for your release prior to filing with the Court, as required by law. For these reasons, the Court is denying your motions.

## II.   BACKGROUND

In 2009, Defendant pleaded guilty to two counts: (1) Felon in Possession of a Firearm (18 U.S.C. §§ 922(g)(1) and 924(a)(2)); and (2) Felon in Possession of Body Armor (18 U.S.C. § 931(a)). ECF No. 21. He was sentenced to a term of 50 months and 36 months imprisonment, served concurrently, and three years of supervised release by Judge Wiley Daniel. *Id.* Supervision commenced on February 2, 2015, and was set to expire on February 1, 2018. ECF No. 55 at 1, 4.

On March 4, 2017, Defendant was arrested and charged in Colorado state court with (1) Motor Vehicle Theft under CRS § 18-4-409, (2) Unlawful Possession of a Controlled Substance under CRS § 18-18-403.5, and (3) Possession of Drug Paraphernalia under CRS § 18-18-428. ECF No. 55. On June 19, 2017, he pleaded guilty to Misdemeanor Motor Vehicle Theft, and was sentenced to 18 months incarceration with a stay of execution. *Colorado v. Torrez*, No. 2017CR446 (Pueblo Dist. Ct. June 19, 2017).

2

On October 13, 2017, Defendant was again arrested on six felonies for attempting to rob a business at gunpoint. ECF No. 55. He later pleaded guilty on June 22, 2018 to a single count of Aggravated Robbery under CRS § 18-4-302, to which he was sentenced to 16 years incarceration. *Colorado v. Torrez*, No. 2017CR2120 (Pueblo Dist. Ct. June 22, 2018).

Given Defendant's March 4, 2017 arrest by state authorities, the U.S. Probation Office for the District of Colorado (Probation Office) petitioned for a warrant due to violations of supervised release by Defendant. ECF No. 25. Specifically, the Probation Office cited Defendant's felony arrest and four positive urine tests for controlled substances as basis for revoking supervised release. *Id.* On March 6, 2017, the Court granted the Probation Office's warrant, ECF No. 26, and ultimately released Defendant on his own personal recognizance, ECF No. 36. On April 4, 2018, the Probation Office filed a superseding Supervised Release Violation Report to include Defendant's additional October 13, 2017 charges stemming from his attempted robbery. ECF No. 55.

On April 24, 2018, the Court sentenced Mr. Torrez to 18 months incarceration for the above violations of his supervised release. ECF No. 57. The Court specifically ordered that his federal sentence be imposed consecutively to any state sentence to be levied in his two 2017 states cases. At the time of his federal sentencing, Defendant's state court sentences had yet to be imposed. On June 22, 2018, two months after his federal sentence was imposed, Defendant was sentenced to 18 months and 16 years, respectively, on his 2017 state cases. ECF No. 62-1 at 3; ECF 62-2 at 3. His estimated release date is September 2031. ECF No. 62 at 3.

On June 2, 2025, over seven years after he was sentenced in this Court for revocation of his supervised release, Defendant filed the instant petition *pro se* challenging his sentence under 28 U.S.C. § 2255. ECF No. 59. Upon his filing, the case was reassigned from the late Judge Wiley Daniel to this Court. ECF No. 58. Defendant acknowledges that he has filed this petition beyond the one-year time limitation for § 2255 claims, arguing that he "has only [recently] discovered other case laws that are similar to [his] case" and was first "trying to progress through the state system" and his upcoming parole hearings. ECF No. 59. On the substance of his petition, Defendant argues that he should have had the opportunity to have his federal sentence imposed concurrently to any forthcoming state sentence. He contends that the federal court's action in imposing its sentence as consecutive to the state's sentence when the state sentence had not yet been imposed created "uncertainty and ambiguity," and that Defendant has "the right to a clear, unambiguous sentence." ECF No. 59 at 1. In addition to his § 2255 contentions, Defendant included a letter to the Court detailing his rehabilitation and remorse while incarcerated. ECF No. 59-1.

To date, Defendant remains in state custody and has not begun his federal sentence.

### III.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to petitions to vacate, set aside, or correct a federal sentence. The one-year limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

4

governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The one-year clock for filing a petition under § 2255 begins "upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 U.S. 1223, 1227–28 (10th Cir. 2006). A defendant who files beyond the one-year deadline can successfully move for equitable tolling of the deadline if he shows "(i) that he has been pursuing his rights diligently, and (ii) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The extraordinary circumstance preventing timely filing must occur due to forces outside of the defendant's control. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007).

## IV. ANALYSIS

### A. 28 U.S.C. § 2255 Petition

Defendant files his petition for relief under 28 U.S.C. § 2255 over seven years after his judgment was finalized, a fact he acknowledges in his petition. *See* ECF No. 59 at 4. Defendant did not file any direct appeals, noting that he was convicted via plea bargain and lacked a reason to file a direct appeal. *Id.* Stating that he was trying to progress through the state system, Defendant contends that he only recently learned of case law

that could serve as the basis for arguing that his federal sentence be served consecutively to his state sentence. *Id.* This explanation does not meet the standard imposed upon movants to show that the one-year deadline to file a habeas petition should be ignored, and thus fails to show entitlement to § 2255 relief.

First, Defendant fails to articulate any facts that demonstrate that he has diligently pursued his claims since his judgment was finalized. Arguments of neglect or lack of awareness of relevant case law "do not excuse [a] lengthy delay in seeking federal relief." *Roderick v. Salzburg*, 335 F. App'x 785, 787 (10th Cir. 2009). *See also Nguyen v. Golder*, 133 F. App'x 521, 524 (10th Cir. 2005) (finding that unaccounted time in which defendant could have diligently pursued his habeas claims but did not rendered his habeas petition as untimely); *United States v. Vega*, No. 09-CR-00056-PAB-2, 2014 WL 12918706, at *3 (D. Colo. Feb. 10, 2014) (finding that a defendant's lack of any "argument that justifies her failure to file the instant action in a timely manner" renders her petition time-barred.).

Second, his lack of awareness of relevant case law at an earlier date does not suffice as an extraordinary circumstance outside of his control. The Tenth Circuit has consistently held that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220. Defendant was aware that he had been sentenced in both federal and state courts. His choice to focus upon serving his state sentence before filing any habeas challenges to his federal sentence does not constitute an extraordinary circumstance outside of Defendant's control. *See, e.g.*, *Malone v. Oklahoma*, 100 F. App'x 795, 798 (10th Cir. 2004) (ignorance of the law, illiteracy, and the absence of law clerk assistance were found to be insufficient bases for equitable tolling); *United States v. Galindo*, 406 F. App'x 322, 324 (10th Cir. 2011)

6

(Spanish-speaking defendant alleging that he relied upon false information from fellow inmates on his § 2255 deadline and attorney's failure to file an appeal were not extraordinary circumstances). Because Defendant has not represented either that he has diligently pursued his federal claims nor that he was subjected to extraordinary circumstances preventing him from pursuing his federal claims, the Court cannot toll § 2255's one-year deadline. Therefore, Defendant's habeas petition must be denied.

Even if Defendant was not time-barred from filing his petition, his substantive habeas claim would not be successful. Defendant contends that because the federal court issued its sentence prior to the state court, he should have had an opportunity to argue for a concurrent sentence across the two courts, as opposed to the federal court sentencing him to a consecutive sentence to follow the sentence imposed by the state. ECF No. 59 at 4. Because of this sequencing, he contends that there was uncertainty and ambiguity in his sentence that could result in problems with the calculation of his sentence. However, both statutory law and decisional law foreclose this argument. 18 U.S.C. § 3584(a) states that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *See also United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) ("[T]he presumption of concurrent sentences affects only sentences imposed at the same time.") (internal quotations omitted); *United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995) ("We find no language in section 3584(a) prohibiting a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed."). Judge Daniel could have elected to sentence Defendant to concurrent state and federal sentences, yet he was well within statutory guidance to choose not to. Further, "[i]t is

7

irrelevant that the state sentence had not yet been imposed at the time [defendant] was sentenced by the district court." *United States v. Foy*, 672 F. App'x 784, 786 (10th Cir. 2016) (citing *Williams*, 46 F.3d at 59). The Court in its final judgment explicitly stated that Defendant's federal sentence was "to run consecutively to any sentences imposed in [the] Colorado state court cases." ECF No. 57 at 2. Thus, Defendant's petition would not have been successful even if he were not time-barred from filing for relief under § 2255.

### B.  18 U.S.C. § 3582(c) Motion for Compassionate Release

In addition to Defendant's petition for relief under 28 U.S.C. § 2255, Defendant includes a handwritten letter detailing his rehabilitation while incarcerated, arguing that he has ceased gang participation and has been an active participant in the prison's vocational programs. ECF No. 59-1 at 2. In his letter, he argues that his current federal sentence should be resentenced to be served concurrently to his state sentence. *Id.* While Defendant does not explicitly file his addendum as a motion for compassionate release/reduction in sentence, this Court finds it appropriate to analyze these claims under 18 U.S.C. § 3582(c)(1). *See United States v. Castro*, 540 U.S. 375, 381 (2003) (noting that courts will recharacterize motions or filings submitted by a *pro se* litigant to place in an appropriate legal category).

The Court is barred from ruling for Defendant on grounds for compassionate release or reduction in sentencing because he has not exhausted his administrative remedies prior to filing the instant motion. Under § 3582, a defendant can only file his motion for compassionate relief once "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A).

To date, it is not known whether Defendant has made any requests for administrative relief with the Bureau of Prisons. Until he either confirms that he has exhausted his administrative remedies or files his requests for relief with the BOP, the Court does not have the authority to rule in favor of Defendant. *See Ross v. Blake*, 578 U.S. 632, 639 (2016) (finding that mandatory exhaustion statutes foreclose judicial decision-making). Therefore, his motion for compassionate release or reduction of sentence is denied at this time.

## V.   CONCLUSION

Because Mr. Torrez has not successfully demonstrated that his § 2255 claims should be equitably tolled, his application for a writ of habeas corpus is DENIED. His accompanying motion for compassion release/reduction in sentence is also DENIED for failure to exhaust administrative remedies.

DATED this 15th day of August 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge